Hannegan *v.* Hannah and Others.

In general, a creditor having a right to resort to two safe and sufficient funds for satisfaction of his debt, may be compelled, in equity, by another creditor of the same debtor having a lien on one of those funds only, to look to that fund which the latter cannot touch, or, if the former creditor have exhausted the fund bound for the debts of both creditors, leaving the other fund unexhausted, that fund may be reached by the unsatisfied creditor, by the application of the principle of substitution.

But there is no rule in equity, by which a creditor can be compelled to accept a security for his debt, or by which another creditor can resort to it in his place, after he has rejected it.

ERROR to the *Wayne* Circuit Court.

Dewey, J. — This was a bill in equity. It states that *Fisher*, one of the defendants, being indebted to the complainant, *Hannegan*, in the sum of 1,200 dollars, mortgaged certain real estate to him to secure the debt; that previously to the execution of the mortgage, *Elsberry* and *Clark*, also defendants, obtained judgments against *Fisher*, which were liens upon the mortgaged premises; that, after the date of the mortgage, *Fisher* made a deed of trust to certain trustees, other defendants, of all his real and personal property, for the benefit of certain of his creditors, who are likewise defendants; that the judgment-debts of *Elsberry* and *Clark* were amply provided for in the deed of trust, but that the complainant's debt was not secured by it; that a majority of the creditors accepted the deed of trust, and some of them received dividends from the trustees, who still held undistributed 1,000 dollars of the trust funds; that *Elsberry* and *Clark*, not choosing to avail themselves of the deed of trust, sued out executions and caused the mortgaged premises to be sold, thereby satisfying their judgments, but leaving no overplus to be applied to the mortgage-debt of the complainant; and that the complainant lost, by the sale of the mortgaged premises, the only fund to which he could look for the payment of his debt, *Fisher* being entirely insolvent. The prayer of the bill is, that the complainant may be substituted in the place of *Elsberry* and *Clark*, and that the trustees be decreed to pay to him whatever they were entitled to under the deed of trust.

May Term, 1845.

HANNEGAN v. HANNAH.

The defendants demurred to the bill; the demurrer was sustained and the bill dismissed.

The plaintiff in error contends that the decree is erroneous, on the ground that *Elsberry* and *Clark* held liens on two funds out of which to satisfy their debts against *Fisher*,—one, by virtue of their judgments, and the other, under the deed of trust,—and that the complainant having a lien on one of the funds only, (the mortgaged premises), which has been exhausted by *Elsberry* and *Clark*, has a right to be placed in their stead as to the other fund, the deed of trust.

It is in general true, that a creditor having a right to resort to two safe and sufficient funds for the satisfaction of his debt, may be compelled in equity by another creditor of the same debtor, having a lien on one of those funds only, to look to that fund which the latter cannot touch, or, if the former creditor have exhausted the fund bound for the debts of both creditors, leaving the other fund unexhausted, that fund may be reached by the unsatisfied creditor, by the application of the principle of substitution. 1 Story's Eq. 479, 589, in note 3.—*Wright* v. *Morley*, 11 Ves. 12.—*Selby* v. *Selby*, 4 Russ. 336.—*Aldrich* v. *Cooper*, 8 Ves. 382. But this doctrine is not applicable to the cause before us. *Elsberry* and *Clark*, in whose place the complainant seeks to be substituted, never had any other liens than those of the judgments; they did not execute the deed of trust, and never assented to it. On the contrary, as the bill states, they refused to avail themselves of it, and proceeded to execute their judgments. Had they accepted the deed of trust, as additional security to the liens of the judgments, there might, perhaps, have been some ground for the application of the doctrine. But there is no rule of equity by which a creditor can be compelled to accept a security, or by which another creditor can resort to it in his place, after he has rejected it. The decision of the Circuit Court was correct.

*Per Curiam.*—The decree is affirmed with costs.

*J. B. Julian*, for the plaintiff.

*J. S. Newman*, for the defendants.